UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

DANIEL CORTES et al.,                          :
                                               :
                              Plaintiffs,      :
                                               :
                    -v-                        :
                                               :
NEW CREATORS, INC. et al.,                     :
                                               :
                              Defendants.      :
                                               :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/15

15 Civ. 5680 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Daniel Cortes, Gildardo Ramirez Galindo, and Yoshitomo Kono (collectively,
"plaintiffs") bring this action on behalf of themselves and other similarly situated persons,
alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as well
as New York Labor Law ("NYLL") §§ 191 *et seq.* Plaintiffs allege that the restaurant Sushi
Sasabune of New York ("Sasabune") failed to pay workers overtime compensation at the
required rate, among other unlawful practices.

Plaintiffs move for: (1) conditional certification as an FLSA collective action pursuant to
29 U.S.C. § 216(b); (2) production of contact information for each putative class member; (3)
approval of notice and consent forms; (4) permission for plaintiffs' counsel to provide notice of
this lawsuit to putative class members; and (5) authorization of a 21-day notice period for
putative plaintiffs to join this action. For the reasons set forth below, plaintiffs' motion is
granted in part and denied in part.

## I.      Background

### A.      Factual Allegations[1]

Sasabune is a sushi restaurant located at 401 East 73rd Street, New York, New York. FAC ¶¶ 11, 28; Cortes Decl. ¶ 2.  Sasabune is open to the public on Tuesday through Friday for lunch and dinner, and on Saturday for dinner.  FAC ¶ 27; Cortes Decl. ¶ 9.  Defendant Kenji Takahashi is the sole majority owner of New Creators, Inc. ("New Creators") d/b/a Sushi Sasabune of New York, and is the sole owner and manager of Sasabune.  FAC ¶¶ 9, 12.  The three plaintiffs—Cortes, Ramirez, and Kono, *id.* ¶¶ 5–7—were employed by Sasabune as servers and/or kitchen workers at various times between 2006 and the present.  FAC ¶¶ 49, 105, 107, 123, 124; Cortes Decl. ¶¶ 3, 8, 18, 21.

As set forth in the FAC and Cortes's declaration, plaintiffs allege that Takahashi and New Creators (1) failed to pay overtime premiums, FAC ¶¶ 79, 111–12, 120, 127–128; Cortes Decl. ¶¶ 15, 19, 23; (2) failed to provide servers with gratuities left for them by customers, FAC ¶¶ 87, 114; Cortes Decl. ¶¶ 16, 24; (3) failed to provide "spread of hours payments," FAC ¶¶ 81, 121, 131; Cortes Decl. ¶¶ 17, 20, 25; (4) made improper wage deductions, FAC ¶¶ 117, 182–83; Cortes Decl. ¶ 26; and (5) failed to provide proper and accurate pay stubs, FAC ¶¶ 90–99, 132; Cortes Decl. ¶¶ 27–29.

---

[1] These facts are drawn from the First Amended Complaint, Dkt. 20 ("FAC"), and the declaration Cortes filed in support of plaintiffs' motion for conditional certification, Dkt. 46 ("Cortes Decl.").  At the conditional certification stage, the Court may not "resolve factual disputes" or "make credibility determinations."  *Costello v. Kohl's Ill., Inc.*, No. 13 Civ. 1359 (GHW), 2014 WL 4377931, at *7 (S.D.N.Y. Sept. 4, 2014) (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (internal quotation marks omitted)).  Accordingly, in resolving the collective certification motion, the Court assumes all facts alleged by plaintiffs to be true.

With regard to the FLSA overtime claims, the FAC alleges that plaintiffs routinely worked more than 40-hour workweeks for which they did not receive overtime compensation. Cortes, the only plaintiff to submit a declaration at this stage, alleges that, aside from personal absences, he worked, as a server or kitchen worker, every lunch and dinner shift that Sasabune is open.  FAC ¶ 107–08; Cortes Decl. ¶¶ 3, 9–10.  Each combined lunch and dinner shift was a minimum of 11 hours, not including breaks.  FAC ¶ 109; Cortes Decl. ¶ 11.  On Saturdays, Cortes alleges, he worked approximately seven hours without a break.  Cortes Decl. ¶ 12.  Thus, in the workweeks in which Cortes worked his typical hours, he worked more than 40 hours per week.  Cortes Decl. ¶ 13.  The FAC sets forth the exact number of hours Cortes claims to have worked in each week in which he worked more than 40 hours.  FAC ¶ 110; Cortes Decl. ¶ 14– 15.  The FAC contains similar allegations as to Kono and Ramirez.  FAC ¶¶ 79, 126.  Finally, Cortes attests that other Sasabune employees, including sushi chefs, servers, and kitchen workers, similarly worked every lunch and dinner shift during the workweek—thereby working more than 40 hours in a given week—without overtime pay.  Cortes Decl. ¶¶ 30–31, 34.

**B.      Procedural History**

On July 20, 2015, plaintiffs filed the original Complaint against New Creators and Takahashi.  Dkt. 1.  On September 14, 2015, defendants filed a motion to dismiss.  Dkt. 15.  On October 8, 2015, plaintiffs filed the FAC.  Dkt. 21.  On October 29, 2015, Takahashi filed an Answer.  Dkt. 38.  On October 30, 2015, the Court stayed the action against New Creators, pursuant to 11 U.S.C. § 362(a), in light of New Creators' recent bankruptcy filing.  Dkt. 39.  On November 3, 2015, plaintiffs filed a motion for collective certification and court facilitation of notice, Dkt. 43, as well as a memorandum in law, Dkt. 45 ("Pl. Br."), and a declaration by Cortes,

Cortes Decl., in support.  On November 6, 2015, Takahashi filed an opposition to the motion.

Dkt. 49 ("Def. Br.").

## II.     Applicable Legal Standard

The FLSA provides that an action may be maintained against an employer "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b) ] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs."  *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).[2]  "In determining whether to exercise this discretion . . . the district courts of this Circuit appear to have coalesced around a two-step method," which the Second Circuit has endorsed as "sensible."  *Id.* at 555; *see, e.g.*, *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.  "The court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.* (quoting *Hoffmann*, 982 F. Supp. at 261).  Although "[t]he 'modest factual showing' cannot be satisfied

---

[2] *Hoffmann-La Roche* involved the parallel provision of the Age Discrimination in Employment Act, which incorporated the enforcement provisions of FLSA, including § 216(b).  "*Hoffmann-La Roche's* interpretation of § 216(b) . . . binds us in FLSA cases as well."  *Myers*, 624 F.3d at 554 n. 9.

simply by 'unsupported assertions,' . . . it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *accord Damassia,* 2006 WL 2853971, at *3 ("[A] plaintiff's burden at this preliminary stage is 'minimal.'") (collecting cases); *Hoffmann,* 982 F. Supp. at 261 ("The burden on plaintiffs is not a stringent one."). "A court need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice." *Damassia,* 2006 WL 2853971, at *3; *accord Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003); *Hoffmann,* 982 F. Supp. at 262.

"At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be 'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

## III.    Discussion

Plaintiffs move for: (1) conditional certification of a collective action under the FLSA; (2) an order directing Takahashi to produce employee contact information; (3) approval of plaintiffs' notice and consent forms; (4) permission to provide notice to the putative class members; and (5) authorization of a 21-day notice period for putative plaintiffs to join this action. Takahashi does not oppose the motion for conditional certification, but objects to the contact information sought by plaintiffs, the content of the notice, and the duration of the proposed notice period. The Court addresses each issue in turn.

A.        **Conditional Certification**

Plaintiffs seek collective certification of a class including all current and former employees who worked as sushi chefs, servers, and/or kitchen workers at Sasabune in the three years preceding this action.  Pl. Br. 2.  Takahashi does not oppose conditional certification of such a class.

The Court holds that plaintiffs have satisfied their minimal burden, at this preliminary certification stage, of showing that they are "similarly situated" to the proposed class members. Plaintiffs' primary allegations under the FLSA concern unpaid overtime.  *See* FAC ¶¶ 133–37. The FLSA requires that a non-exempt employee who works more than 40 hours in a given workweek be compensated for the hours worked in excess of 40 "at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  The FAC and Cortes's declaration include specific factual allegations that the three named plaintiffs were denied required overtime for each of the many weeks in which they worked more than 40 hours. FAC ¶¶ 79, 110, 126; Cortes Decl. ¶¶ 14, 19, 22, 23.  Cortes further attests that "[o]ther employees of Takahashi working at Sasabune, including sushi chefs, servers, and kitchen workers, worked more than forty hours in a workweek," and have told Cortes that Takahashi never paid them overtime compensation.  Cortes Decl.  ¶¶ 31, 34.

Plaintiffs have thus "easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class."  *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007).  This is a sufficient basis on which to infer a "common policy" to deny employees proper compensation for their overtime hours, in violation

of the FLSA.  *See Myers*, 624 F.3d at 555; *Alvarez v. IBM Rest. Inc.*, 839 F. Supp. 2d 580, 585–86 (E.D.N.Y. 2012) ("A policy that requires employees to work overtime without compensation certainly qualifies as a common policy or plan under the FLSA.") (collecting cases). Accordingly, the Court grants conditional certification and authorizes notice to all members of the proposed class.

### B.      Production of Employee Contact Information

Plaintiffs ask the Court to order Takahashi to produce the names, mailing addresses, home and mobile telephone numbers, email addresses, dates of employment, and social security numbers of all prospective class members.  Pl. Br. 5.  Takahashi does not oppose the request for names, mailing addresses, or dates of employment.  Courts commonly grant requests for such contact information in connection with the conditional certification of an FLSA collective action. *See Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901 (CM) (LMS), 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007), *report and recommendation adopted* (May 22, 2007) (collecting cases); *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929, at *2 (S.D.N.Y. Oct. 2, 2007).  The request for such information is similarly appropriate here, and is granted.

Takahashi does object to the production of present and former employees' social security numbers, telephone numbers, and email addresses.  Def. Br. 2–4.  With regard to social security numbers, he argues that this request is overbroad and unnecessary to identify and notify putative class members, and that it potentially jeopardizes employees' interest in keeping this data confidential. *Id.* 2.  Courts in this District generally have declined to compel production of non-party employees' social security numbers in FLSA actions—especially at this early stage—based on privacy concerns. *See, e.g.*, *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145

(NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010); *Damassia*, 2006 WL 2853971, at *8. On occasion, courts have permitted such discovery, where demonstrably necessary to effectuate notice. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011) (collecting cases). Here, plaintiffs have made no such showing, and, therefore, "discovery of employees' Social Security numbers is not warranted at this point in the litigation." *Li v. Qiu Jian Lin*, No. 10 Civ. 8454 (RLE), 2011 WL 2848417, at *2 (S.D.N.Y. July 18, 2011). However, plaintiffs may renew this request upon a showing of such need. *Sanchez v. El Rancho Sports Bar Corp.*, No. 13 Civ. 5119 (RA), 2014 WL 1998236, at *6 (S.D.N.Y. May 13, 2014).

As to the request for employees' home and mobile telephone numbers, Takahashi similarly objects that plaintiffs have failed to demonstrate the need for such information. Def. Br. 3. While some courts have declined to require the production of telephone numbers, absent a showing of necessity, *see, e.g.*, *Michael v. Bloomberg L.P.*, No. 14 Civ. 2657 (TPG), 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) ("[P]rivacy concerns have precluded courts from ordering the disclosure of . . . telephone numbers . . . absent a showing that a large number of the initial mailings have been returned as undeliverable."); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (first-class mail and in-store posting was sufficient to provide notice to potential opt-in class members), many have granted such requests, finding telephone numbers to be "essential to identifying potential opt-in plaintiffs." *In re Penthouse*, 2010 WL 4340255, at *5; *see also Capsolas v. Pasta Res., Inc.*, No. 10 Civ. 5595 (RJH), 2011 WL 1770827, at *5 (S.D.N.Y. May 9, 2011); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011). Regrettably, plaintiffs have not clearly explained the need for telephone numbers. But under the circumstances known to the Court, such production is merited here as to former employees. *See* Def. Br. 4 (noting that "a significant number of

8

alleged potential [class] members no longer work for Defendants"). These persons will not receive effective notice from in-store posting. And Takahashi does not claim that producing such telephone numbers will be unduly burdensome. Therefore, the Court grants plaintiffs' request to compel production of the telephone numbers of former Sasabune employees. Takahashi, however, need not produce the telephone numbers of current Sasabune employees, as to whom in-store posting should supply sufficient notice.

As to email addresses, Takahashi argues that such production is unnecessary and burdensome, insofar as Sasabune did not require employees to supply it with such addresses. Def. Br. 3–4. "In selecting the manner of issuing the notice, this court must strike the appropriate balance in ensuring notification to [potential class members] while minimizing disturbance to [defendant's] business." *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *3 (S.D.N.Y. Feb. 19, 2008). As to current employees, there is no need for email addresses to be produced, because in-store posting supplies sufficient notice. Similarly, as to former employees for whom Takahashi has supplied a telephone number, production of email addresses is unnecessary. *See Rosario*, 828 F. Supp. 2d at 522 n.14 (E.D.N.Y. 2011) (production of email addresses unnecessary at this stage); *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007). However, as to former employees for whom Takahashi lacks a phone number but has an email address, it is reasonable to require production of such an email address.

Accordingly, the Court directs Takahashi to, within five days from the entry of this Order, produce to plaintiffs' counsel the names, mailing addresses, and dates of employment of all prospective class members; and, for all former employees within the class, all known home

and mobile telephone numbers, and if no such numbers are available for a particular employee, any email address known to Takahashi.

### C.      Content of the Notice

Takahashi also objects to aspects of plaintiffs' proposed "Notice of Opportunity to Join a Law Suit," Dkt. 47, Ex. 1 ("Notice").

First, Takahashi asserts that the Notice must provide more information about what participating in the case entails.  Def. Br. 4–6.  Specifically, Takahashi argues, the Notice should inform potential opt-ins that they "*will* be required to give sworn testimony either orally or in writing[,] . . . *will* be required to participate in pre-trial discovery[,] . . .  may be required to testify at trial before a jury[,] . . . [and] may be responsible for potential counter claims which could be asserted against [them] by Defendants."  Def. Br. 5 (emphasis added).  Courts in this District have commonly approved requests for language notifying potential opt-ins that they *may* be required to participate in the litigation in such ways.  *See Whitehorn*, 767 F. Supp. 2d at 450 (language notifying prospective class members of "the possibility that they will be required to participate in discovery and testify at trial . . . is routinely accepted"); *Cordova v. SCCF, Inc.*, No. 13 Civ. 5665 (LTS) (HBP), 2014 WL 3512820, at *7 (S.D.N.Y. July 16, 2014); *Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222 (BSJ), 2009 WL 2591608, at *6 (S.D.N.Y. Aug. 17, 2009) (adding "[l]anguage stating that opt-in plaintiffs *may* be called upon to provide deposition or trial testimony under oath, respond to document requests, and/or respond to other requests for information" (emphasis in original)).  Similarly here, a brief explanation of the potential responsibilities of opt-in plaintiffs is warranted, as it will help putative class members make an informed decision about whether to join this litigation.  However, because the scope of the responsibilities imposed on various class members may vary, the Notice need only frame such

requirements as possible—rather than certain—consequences of opting into the litigation. The Court anticipates that the revised Notice will substitute the phrase "may be required" for "shall be required" where such is accurate.

Second, Takahashi requests that the Notice include contact information for defense counsel. Def. Br. 6. Inclusion of such information is routine. *See, e.g.*, *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629 (PKC), 2013 WL 6171311, at *4 (S.D.N.Y. Nov. 25, 2013); *Limarvin v. Edo Rest. Corp.,* No. 11 Civ. 7356 (DAB), 2013 WL 371571, at *3 (S.D.N.Y. Jan. 31, 2013); *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380 (LTS), 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009). Defense counsel's contact information should be included here, as well.

Third, Takahashi seeks to modify the portions of the Notice that identify the relevant period as the three years prior to the date plaintiffs filed the Complaint. Def. Br. 6–7. He argues that the limitations period should be measured instead from the date the Notice is issued. *Id.* "Courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice." *Whitehorn*, 767 F. Supp. 2d at 451 (collecting cases); *In re Penthouse*, 2010 WL 4340255, at *5 n.4; *Gjurovich*, 282 F. Supp. 2d at 106. The Court finds this practice sensible, and approves Takahashi's proposal to provide notice to all individuals who worked at Sasabune "at any time three years prior to the date of this Notice."

Finally, Takahashi requests that the Court extend the opt-in period from 21 days from the date of the Notice, as plaintiffs propose, *see* Notice at 2, to 30 days. Def. Br. 7. He argues that a 21-day period will "not serve the purpose of having a collective class"—namely, "avoiding duplicative suits or an expedited disposition of the action." *Id.* Indeed, 60- or 90-day opt-in periods are common in FLSA collective actions. *See, e.g.*, *Whitehorn*, 767 F. Supp. 2d at 452

(60-day notice period is common practice under the FLSA) (collecting cases); *In re Milos Litig.*,
2010 WL 199688, at *2–3 (affording plaintiffs 90 days to opt in); *Fang v. Zhuang*, No. 10 Civ.
1290 (RRM) (JMA), 2010 WL 5261197, at *1 (E.D.N.Y. Dec. 1, 2010) (same); *Zeltser v. Merrill
Lynch & Co.*, No. 13 Civ. 1531 (FM), 2014 WL 2111693, at *5 (S.D.N.Y. May 12, 2014)
(same).  There is no detriment to plaintiffs from extending this period, and doing so will make it
more likely that all employees who intend to bring such claims will do so in this action.  *See
Amador v. Morgan Stanley & Co. LLC*, No. 11 Civ. 4326 (RJS), 2013 WL 494020, at *9
(S.D.N.Y. Feb. 7, 2013) ("'[W]hen exercising its broad discretion to craft appropriate notices in
individual cases, [d]istrict [c]ourts consider the overarching policies of the collective suit
provisions,' including achieving judicial efficiency 'by settling the claims of similarly situated
employees at the same time.'" (quoting *Fasanelli v. Heartland Brewery, Inc*., 516 F. Supp. 2d
317, 323 (S.D.N.Y. 2007)).  The Court therefore extends the opt-in period to 30 days.

Plaintiffs' counsel is hereby directed to provide defense counsel, by November 16, 2015,
a revised Notice, consistent with the foregoing rulings.  Defense counsel, in turn, is directed to
notify plaintiffs' counsel of any remaining objections to the Notice by November 18, 2015.
Plaintiffs' counsel is directed, by November 19, 2015, to submit a revised—and, the Court
expects, agreed-upon—Notice to the Court.

### D.    Distribution of the Notice

Takahashi also seeks "guidelines" with respect to the posting and distribution of notice.
Def. Br. 7–8.  The Court, however, finds plaintiffs' request clear—plaintiffs seek authorization
"to issue the notice . . . which will be translated into Spanish and Japanese and sent to potential
class members; and to require Takahashi to post a copy of this lawsuit and the consents to suit in
a conspicuous place in the work place."  Pl. Br. 7.  The Court approves this method of

distribution. *See Whitehorn*, 767 F. Supp. 2d at 449 ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); *Gonzalez*, 2013 WL 6171311, at *4 (finding a Spanish translation of the notice to be proper).

## CONCLUSION

For the foregoing reasons, the Court grants collective certification for a class of all employees who worked as sushi chefs, servers, and/or kitchen workers at Sasabune at any point during the three years preceding the issuance of a Court-approved Notice.  Defense counsel is directed to, within five days from the entry of this Order, produce to plaintiffs' counsel the names, mailing addresses, and dates of employment of all prospective class members; and, for all former employees within the class, all known home and mobile telephone numbers, and if no such numbers are available for a particular employee, any email address known to Takahashi. Plaintiffs' counsel is directed to provide defense counsel, by November 16, 2015, a revised Notice, consistent with this Order.  Defense counsel, in turn, is directed to notify plaintiffs' counsel, by November 18, 2015, of any remaining objections to the Notice.  Plaintiffs' counsel shall, by November 19, 2015, submit a revised, agreed-upon, Notice to the Court.  Finally, plaintiffs' counsel shall mail the Notice to putative class members, and Takahashi shall post the Notice at Sasabune, within five days of the Court's approval of the revised Notice.

SO ORDERED.

Paul A. Engelmayer

Paul A. Engelmayer
United States District Judge

Dated: November 12, 2015
       New York, New York

13