UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL CORTES, et al.,

          Plaintiffs,

-against-

NEW CREATORS, INC., d/b/a SUSHI
SASABUNE OF NEW YORK, et al.,

          Defendants.

15 Civ. 05680 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court held a discovery conference on January 14, 2016, to address the discovery disputes raised in the parties' letters dated January 6, 2016 (Dkt. No. 55) and January 8, 2016 (Dkt. No. 56). The Court rules as follows:

1. <u>Identities of Opt-in Plaintiffs</u>. Defendant Kenji Takahashi seeks an order compelling plaintiffs to reveal the identities of the additional plaintiffs who have opted to join this action in response to the notice approved by the Court on November 20, 2015. (Dkt No. 54.) The Second Amended Complaint ("SAC"), filed on January 12, 2016 (Dkt. No. 59), lists the two opt-in plaintiffs and thereby moots defendant's request.

2. <u>Defendant's Interrogatories</u>. Takahashi seeks an order compelling plaintiffs to respond to his First Set of Interrogatories, served November 25, 2015. Notwithstanding Fed. R. Civ. P. 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts") and Local Civil Rule 33.3 ("at the commencement of discovery, interrogatories will be restricted to those seeking the names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents"), Takahashi's initial interrogatories contained 33 questions, many of which included numerous subparts, and most of which went well beyond the limits of Local Rule 33.3 or were

otherwise improper. On December 16, 2015, plaintiffs answered three of Takahashi's interrogatories and objected to the rest. During the January 14, 2016 conference, Takahashi's counsel agreed to list the unanswered interrogatories that he contends to be appropriate under these rules and as to which he still seeks an order compelling plaintiffs to answer. The Court has reviewed that list (Dkt. No. 63). **Plaintiffs shall respond to Interrogatories No. 1 (to the extent not already answered), 2(l), 2(m), 3, 4, and 18(a), no later than February 2, 2016.**

3. Sasabune Express. Takahashi seeks a protective order limiting plaintiffs' requests for information and documents concerning Sasabune Express. Plaintiffs allege that Sasabune Express is a restaurant owned and operated by Sasabune Express New York, Inc. ("Express Inc."), which in turn is owned by defendant Takahashi. SAC ¶ 13. However, Express Inc. is not a defendant in this action, and plaintiffs explicitly limited their conditional certification motion and notice to employees who worked at a different restaurant, Sushi Sasabune of New York ("Sasabune"), owned and operated by defendant New Creators, Inc. ("New Creators"). See Dkt. No. 45; Dkt. No. 52; Dkt. No. 54. The fact that defendant Takahashi also owns New Creators (now the subject of a bankruptcy stay) does not broaden the scope of discovery in this action to the details of his other business interests. **Accordingly, Takahashi need not respond to discovery requests concerning the employees, assets, management, banking relationships, or other financial affairs of Express Inc. or Sasabune Express, nor to requests concerning work performed at Sasabune Express by non-parties, except to the extent that discovery concerning Takahashi, New Creators, or Sasabune incidentally implicates such information.**

4. Plaintiffs' Interrogatories. Plaintiffs seek an order directing Takahashi to supplement his responses to Plaintiffs' First Set of Interrogatory Requests to include information concerning the newly-identified opt-in plaintiffs, as well as any additional information necessary

to make his responses complete with respect to, inter alia, individuals with knowledge, authority, and/or managerial responsibility concerning the operations of Sasabune and/or New Creations. Plaintiffs are entitled to this information. **Takahashi shall serve his supplemental interrogatory responses no later than February 2, 2016.**

5. Plaintiffs' Document Requests. Plaintiffs complain that Takahashi has failed to produce numerous categories of documents relevant to the manner in which Sasabune and New Creations compensated its employees. In particular, the "tip-eligible" plaintiffs seek information concerning (a) gratuities left by customers, in cash or via credit or debit card, both before and after January 2015, when Sasabune allegedly adopted a no-tip policy while simultaneously raising its prices by approximately 20%, see SAC ¶¶ 46-48; and (b) the manner in which defendants documented, distributed, and reported those monies. Plaintiffs Kono and Cortes, who worked as servers, and plaintiff Takano, who worked as a sushi chef, allege that defendants failed to maintain accurate records of the gratuities left by customers, failed to provide them with statements setting forth the gratuities received by or credited to them, and failed to turn over or credit to them any part of the gratuities to which they were entitled, notwithstanding that a portion of Kono's pay stub was labeled "charge tips." See SAC ¶¶ 83-85, 93-98, 123-125, 151-54. Plaintiffs also complain that Takahashi has failed to produce any ESI, even where the paper documents produced (e.g., spreadsheets) were generated from data maintained in electronic form (e.g., Excel).

Plaintiffs are entitled to see not only Sasabune's internal payroll records with respect to them (documents that the plaintiffs claim to be inaccurate), but also documents reflecting the sums denominated as gratuities by customers and the manner in which Sasabune documented, distributed, and reported those sums. Although courts must be cautious in ordering the production of tax returns, the fact that New Creations is in a Chapter 11 proceeding (where it has already

submitted certain tax returns) ameliorates that concern, which in any event is outweighed by the plaintiffs' compelling need for the documents. **Takahashi shall produce the following documents (to the extent not already produced) no later than February 9, 2016**:

    a. All payroll, time, and personnel records for Daniel Cortes, Gildardo Ramirez Galindo, Yoshitomo Kono, Takashi Takano, and Jose Noe Ajtzalan Perechu, from July 20, 2009 (six years before the filing of this action) to the date of production.

    b. Documents sufficient to allow plaintiffs to (i) calculate or estimate the sums paid by Sasabune customers as gratuities from July 20, 2009 to the date of production, and (ii) determine whether those sums, or any portion thereof, are included within New Creators' gross receipts, or plaintiffs' wages, as reported to the government. Counsel are directed to meet and confer promptly regarding the most efficient means of providing this information to plaintiffs. If there are no documents accurately recording gratuities on a contemporaneous basis, Takahashi is directed to produce a fair sample of Sasabune's credit and debit card receipts over the relevant period, redacted to protect customer names, credit card numbers, and other individually-identifiable customer information, so that plaintiffs can estimate such receipts for the entire period.

    c. All records of gratuities paid or credited to plaintiffs, including documents reflecting the calculation of the "charge tips" shown on plaintiffs' pay stubs.

    d. New Creators' federal, state and local income tax returns, with respect to the period from July 20, 2009 to the date of production, to the extent such returns reflect its gross receipts and/or employee compensation expense. The parties are directed to meet and confer promptly regarding whether and to what extent portions of such returns should

      be omitted or redacted to protect sensitive financial information not directly relevant to this action.

e. New Creators' federal, state and local employment and payroll tax returns with respect to the period from July 9, 2009 to the date of production. The parties are directed to meet and confer promptly regarding whether and to what extent portions of such returns should be omitted or redacted to protect sensitive financial information not directly relevant to this action.

To the extent the documents described above or the documents previously produced exist in electronic form, **the ESI must also be produced, in native format, no later than February 9, 2016**.

    6. <u>Depositions</u>. The Civil Case Management and Scheduling Order ("Scheduling Order") issued on November 4, 2015 (Dkt. No. 48) directed the parties to conduct depositions of the three original plaintiffs and defendant Takahashi on specific dates from January 8 through January 14, 2016. On January 7, 2016, in violation of the Scheduling Order, Takahashi unilaterally refused to proceed with any depositions until the parties' discovery disputes were resolved. Thereafter, Takahashi served a Notice of Depositions for dates extending past the then-current deadline for completion of fact discovery, with every deposition scheduled for a Monday (Takahashi's day off) and Takahashi's own deposition occurring only after all plaintiffs were deposed. (Dkt. No. 56-3.) As the Court reminded counsel during the conference, there is no "priority" of depositions in the federal courts. **The Court directs the parties to confer in good faith and agree on a schedule for the depositions of each plaintiff, defendant Takahashi, and Nami Takahashi (pursuant to Fed. R. Civ. P. 45), all to be completed no later than March 1,**

**2016. Defendant Takahashi's deposition shall take place on a Monday, if possible; other depositions may take place on any day reasonably convenient to the witness and to counsel.**

7. Modification of Pretrial Schedule. In light of the Court's rulings on these matters, the deadlines as set forth in the Scheduling Order are extended for four (4) weeks as follows:

   a. All fact discovery shall be completed no later than **March 1, 2016**.

   b. All Requests to Admit shall be served no later than **March 28, 2016**.

   c. All expert discovery shall be completed no later than **March 28, 2016**.

All other provisions of the Scheduling Order remain unchanged. The parties are directed to contact the Hon. Paul A. Engelmayer, in accordance with his Individual Rules of Practice, regarding the schedule for the next case management conference, currently set for March 11, 2016.

Dated:	New York, New York
	January 19, 2016

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**