USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

DANIEL CORTES et al.,

                          Plaintiffs,

-v-

NEW CREATORS, INC. et al.,

                          Defendants.

------------------------------------------------------------------ X

15 Civ. 5680 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The parties have submitted to the Court an application for approval of a proposed Fair Labor Standards Act ("FLSA") settlement agreement (the "Agreement") in this matter. Dkt. 72 ("Letter"). The Agreement requires defendants to pay plaintiffs a total settlement amount of $675,000, constituting unpaid overtime wages, spread-of-hours payments, and tips, with one-third ($225,000) of that amount allocated to attorneys' fees. *Id.*, Ex. 2 ("Agmt."), ¶ 1. The Court declines to approve the Agreement at this time because it contains an overbroad general release provision.

    Courts in this District routinely reject release provisions that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); *accord Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. Apr. 27, 2015) (provision releasing defendants "from any and all charges, complaints, claims and liabilities of any kind whatsoever" was "not 'fair and reasonable' because it encompasse[d] far too broad a range of possible claims"). As Judge

Kaplan observed in *Camacho v. Ess-A-Bagel, Inc.*, while such wide-ranging releases are generally unacceptable, they are "doubly problematic" in the FLSA context, in which "the Court has an obligation to police unequal bargaining power between employees and employer." No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014).

Here, the Agreement contains a general release that requires plaintiffs to waive essentially any claim that they might ever have against defendants or any related individuals. Section 8 states that:

> Each Plaintiff fully and forever releases and discharges Mr. Takahashi, Mrs. Takahashi and New Creators and its directors, officers, owner, employees and agents, as well as their successors and assigns (collectively, the "Releasees") from any and all legally waivable claims (including but not limited to claims as defined in Section 101(5) of the Bankruptcy Code), liabilities, damages, demands, and causes of action or liabilities of any nature or kind, whether now known or unknown, arising out of or in any way connected with each Plaintiff's employment with Mr. Takahashi and/or New Creators or the termination of that employment. . . . This release includes but is not limited to claims arising under federal, state or local employment laws, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Equal Pay Act, the Americans with Disabilities Act, as amended, the Family and Medical Leave Act, as amended, the New York State Human Rights Law, the New York City Human Rights Law, FLSA, and claims for attorneys' fees or costs pursuant to these employment laws.

Agmt. ¶ 8.

This language is of the exact type courts have found "too sweeping to be 'fair and reasonable.'" *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (internal quotation marks and citation omitted); *see Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) ("This 'known or unknown' and 'including but not limited to' phrasing amounts to a general release that offends the FLSA.").

The parties submit that the Court should allow the general release because certain plaintiffs raised discrimination and termination claims prior to filing the complaint in this action.

*See* Letter, at 5. In support of this argument, they cite *Souza v. 65 St. Marks Bistro*, where the Honorable James L. Cott, United States Magistrate Judge, approved "a general release similar to the one that several courts have rejected as too sweeping to be fair." No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).[1] *Souza*, however, is easily distinguishable. There, the plaintiffs had represented in their application for settlement approval that "they ha[d] no knowledge of any additional potential claims that they currently have against defendants." 15 Civ. 327 (JLC), Dkt. 32 (S.D.N.Y. Oct. 9, 2015). In approving the release, Judge Cott reasoned that "if the employee can think of no other claims, then it would be an anomalous result to say that a general release is unfair given that the agreement to one amounts to zero cost to that plaintiff as there is no other claim that could be brought." 2015 WL 7271747, at *6. He noted, however, that "[i]f a plaintiff says that there are other claims she envisions . . . , then the court could inquire as to whether the settlement value properly accounts for this claim. If it is not properly accounted for, then the settlement could be rejected or alternatively that claim could be carved out." *Id.*

Here, the parties represent that at least some of the plaintiffs envision claims against defendants that are unrelated to their wage claims. However, plaintiffs have not brought those claims in this lawsuit, and there is no indication that they have been properly accounted for in the proposed settlement. To the contrary, the settlement amount appears to comprise only the unpaid compensation owed to each plaintiff. *See* Agmt. ¶ 1(a); *id.*, Ex. A. Under such circumstances, there is a substantial risk that the defendant employers have "us[ed] [plaintiffs'] FLSA claim[s] .

---

[1] The language in the proposed agreement released defendants from "all actions, causes of action, suits, [and] debts . . . which [plaintiffs] had, now have or hereafter can, shall or may have against Defendants. . . ." 2015 WL 7271747, at *5. Judge Cott acknowledged that he "ha[d] not found other decisions upholding such general release language in an FLSA case." *Id.*

. . to leverage a[n uncompensated] release from liability unconnected to the FLSA .'" *Mahalick v. PQ New York Inc.*, No. 14 Civ. 899 (WHP), 2015 WL 3400918, at *2 (S.D.N.Y. Apr. 30, 2015) (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Such an outcome would be contrary to the underlying policies of the FLSA. *See Lopez*, 96 F. Supp. at 181 (general release that "confers an uncompensated, unevaluated, and unfair benefit on the employer . . . is inequitable and unfair") (internal quotation marks and citation omitted).

The Court, therefore, declines, at this time, to approve the Agreement. The parties may proceed in one of the following ways:

1. The parties may file a revised agreement by May 26, 2016 that does not include a general release provision that extends beyond the claims at issue in this action. If they do so, the Court will, at that time, assess the fairness and reasonableness of the proposed settlement, as well as its provision for attorneys' fees; or

2. The parties may file a joint letter by May 26, 2016, indicating their intention to abandon the settlement and to continue litigating this matter; or

3. The parties may stipulate to a dismissal of this case *without* prejudice, as such settlements do not require court approval. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199, 201 n.2 (2d Cir. 2015).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 18, 2016
       New York, New York